UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BARBARA ROSE BRIER,

Plaintiff,

v.

PIZZA HUT,

Defendant.

Civil 00-2392 (PAM/JGL)

**ORDER**

Plaintiff has filed a complaint alleging that Defendant violated her rights under the federal Equal Employment Opportunity Act. (Docket No. 1.) Her complaint was accompanied by an application for leave to proceed in forma pauperis ("IFP"), (Docket No. 2), which is now before the Court.

Plaintiff's IFP application shows that she is currently employed and that her "take-home" pay is $1600 per month. The IFP application further indicates that Plaintiff receives more than $100 per month in stock dividends,[1] that she owns a car and an $80,000 home, and that she has $500 in one or more bank accounts. Plaintiff represents that she has three minor dependants, but it does not appear that she has any other unusual debts or financial responsibilities.

In light of Plaintiff's income and assets, the Court cannot conclude that she is currently indigent. She has not adequately explained why she cannot pay the filing fee and costs of service of process using the income and assets that are available to her.

[1] The fact that Plaintiff is receiving stock dividends suggests that she must own some stock, even though she has not disclosed any stock ownership in her IFP application.

FILED Nov 1, 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff's IFP application will therefore be DENIED.

However, Plaintiff will be given an opportunity to pay the normal $150 filing fee, and if she chooses to do so, she will be allowed to pursue her claims as a non-IFP litigant. If Plaintiff pays the $150 filing fee within twenty (20) days after the date of this Order, the action will be allowed to proceed. If she fails to pay the full amount of the filing fee within the time allowed, it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).[2]

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's IFP Application, (Docket No. 2), is **DENIED**; and

2. Plaintiff shall pay the full filing fee of $150 within twenty (20) days after the date hereof, failing which it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Dated: Oct. 31, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

[2] If Plaintiff does elect to pursue this action as a non-IFP litigant, she should think about filing an amended complaint. It seems highly unlikely that her present pleading could survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), because it does not include enough factual allegations to state a claim on which relief could be granted.